UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CHRISTIAN W. WALKER                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 4:21-CV-P42-JHM

KEVIN R. MAZZA *et al.*                                              DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C.

§ 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v.*

*Bock*, 549 U.S. 199 (2007).  For the reasons set forth below, the Court will dismiss this action.

## I.

Plaintiff Christian W. Walker is incarcerated at Green River Correctional Complex

(GRCC).  As Defendants, Plaintiff names Kentucky Department of Corrections Commissioner

Cookie Crews and GRCC Warden Kevin R. Mazza.  Plaintiff sues these Defendants in both their

official and individual capacities.

In the "Statement of Claim" section of the complaint form, Plaintiff writes as follows:

> On 2-25-21 the Plaintiff mailed each Defendent 1 copy of 5 separate prison
> Disciplinary report Appeals and a notorized Notice.  The Plaintiff lost 36 days
> good time in these Disciplinary Hearings and felt his rights have been violated.
> The Plaintiff felt his rights would be intentually violated by the Defendant Kevin
> Mazza, so he also attempted to have Defendant Cookie Crews ensure his rights
> were protected.  Defendant Kevin Mazza received his copy of Plaintiff's Appeal
> via institutional mail, Defendant Cookie Crews received hers via certified mail []
> on 3-2-21.  The Defendant Kevin Mazza stated in his review of all 5 disciplinary
> reports "that no Appeal was received."  Upon receipt of this news I mailed the
> Defendant another copy.  I also mailed Defendant Cookie Crews a letter begging
> for help for this purposefully violation of my Due Process.  Since then neither
> Defendant has been willing to respond.  Several attempts have been made to fix
> this situation.  This is a clear violation of my constitutional rights to Due Process
> and equal protection under the law and from cruel and unusual Punishment.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d at 604.  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).  Additionally, this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d

2

340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

 "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Because Defendants are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky.  *See Kentucky v. Graham*, 473 U.S. at 166.  State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, to the extent that Plaintiff seeks money damages from Defendants in their official capacities, he fails to state a cognizable claim under § 1983.  Further, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169.  Thus, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

### B. Individual-Capacity Claims

#### 1. Procedural Due Process

To state a Fourteenth Amendment due process claim, an inmate must allege a deprivation of a liberty interest protected by the Due Process Clause.  A restraint which "inevitably affect[s]

3

the duration of [an inmate's] sentence" creates a liberty interest.  *Sandin v. Conner*, 515 U.S. at

487.  The loss of good-time credits affects the length of Plaintiff's prison sentence; thus, he has a

protected liberty interest in this regard.  *Id.* at 477-78 (citing *Wolff v. McDonnell*, 418 U.S. 539

(1974)).  However, there is still a barrier to his Fourteenth Amendment claim.  A state prisoner

may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence

if a ruling on his claim would render the conviction or sentence invalid, until and unless the

conviction or sentence has been reversed on direct appeal, expunged by Executive Order,

declared invalid by a state tribunal, or has been called into question by a federal court's issuance

of a writ of habeas corpus under 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-87

(1994).  If a ruling on a claim would necessarily render the duration of Plaintiff's confinement

invalid, the claim must be dismissed because it is simply not cognizable until the challenged

confinement has been remedied by some other process.  *Id.* at 487.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the application

of *Heck* to prison disciplinary proceedings.  The *Balisok* court held that if an inmate's allegations

would "necessarily imply the invalidity of the punishment imposed" the claim is not cognizable

in a civil action under § 1983.  *Id.* at 648.  Furthermore, in *Wilkinson v. Dotson*, 544 U.S. 74

(2005), the Supreme Court reemphasized that "a state prisoner's § 1983 action is barred (absent

prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target

of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if

success in that action would necessarily demonstrate the invalidity of confinement or its

duration."  *Id.* at 81-82.

Plaintiff indicates that he was found guilty after the disciplinary hearings about which he

complains and not indicate that his disciplinary convictions have been reversed or otherwise

invalidated.  This means that Plaintiff's due process claims are not cognizable in this § 1983 action and must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Odom v. Kelley*, No. 3:17-cv-P118-DJH, 2017 U.S. Dist. LEXIS 109250, at \*4-5 (W.D. Ky. July 14, 2017) (reaching same conclusion).

### 2. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  The Sixth Circuit had held that the "Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)).  Here, Plaintiff does not allege that Defendants' actions have burdened a fundamental right, that Plaintiff is a member of a suspect class, or that he was treated differently than others similarly-situated prisoners.  Thus, the Court will dismiss Plaintiff's equal protection claims for failure to state a claim upon which relief may be granted. *See, e.g.*, *Bertovich v. Vill. of Valley View, Ohio*, 431 F. App'x 455, 458 (6th Cir. 2011) (holding that dismissal of an equal protection claim an was appropriate under Fed. R. Civ. P. 12(b)(6) where the [] complaint did not "point to any individual who was treated differently"); *Adams v. Thompson*, No. 3:07-3884, 2008 U.S. Dist. LEXIS 118540, at \*4 (D.S.C. Dec. 19, 2008) (noting that a plaintiff could not state an equal protection claim by alleging that "other inmates who committed greater disciplinary offenses improved their custody status sooner than he did" but not providing the "the names of inmates that he believes were treated more favorably or provided sufficient information to show that they were similarly-situated to him").

### 3. Cruel and Unusual Punishment

The Eighth Amendment of the Constitution prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. This prohibition protects prisoners from the "'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). To state a claim under the Eighth Amendment, a prisoner must allege that he has been denied the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337 (1981); *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).

Plaintiff's allegations in no way meets this standard. Thus, the Court will dismiss Plaintiff's Eighth Amendment claim for failure to state a claim upon which relief may be granted. *See Grinage v. Hofbauer*, No. 1:07-CV-41, 2007 U.S. Dist. LEXIS 33037, at *5 (W.D. Mich. May 4, 2007) (holding that a plaintiff failed to state a claim under the Eighth Amendment because "there is no case law which has held the denial of parole or good time credits rises to cruel and unusual punishment").

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:   May 5, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
         Defendants
4414.011

6